IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Stephen J. North, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:23-cv-00267-TMC |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Beth Lawson, *Medical Supervisor*; K. ) | |
| Krystanowicz, *Medical Care Provider*; ) | |
| Dr. Garmen; Adrian Small, *Medical* ) | |
| *Care Provider*; Carrie (Mediko ) | |
| Employee), *Medical Care Provider;* ) | |
| Trinity (Mediko Employee), *Medical* ) | |
| *Care Provider*; Danielle (Mediko ) | |
| Employee), *Medical Care Provider*; ) | |
| Lieutenant R. Schomp; Officer Brown, ) | |
| *Correctional Officer*; Corporal Gray; ) | |
| Captain Susan Stafford; and Corporal ) | |
| Kidder, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Stephen J. North, proceeding *pro se* and *in forma pauperis*, filed this action on January 20, 2023.  (ECF No. 1).  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings.  On June 26, 2023, Defendants filed motions for summary judgment.  (ECF Nos. 40 and 41).  The following day, the magistrate judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff that one or more defendants filed a motion asking the court to dismiss his case and informing Plaintiff of the possible consequences if he failed to adequately respond thereto.  (ECF No. 42).  Specifically, Plaintiff was advised that, if he failed to adequately respond, the court may grant the motion which may end his case.  (ECF No. 42 at 1).

Thereafter, Plaintiff filed a request with the court for additional time to respond to the motions. (ECF No. 44). Below his signature, Plaintiff noted a change of address. *Id*. By text order dated July 31, 2023, the magistrate judge granted Plaintiff's request and extended his deadline to file responses to the motions to August 18, 2023. (ECF No. 45). The order was mailed to Plaintiff at the address listed in his aforementioned request for an extension of time. (ECF No. 46). Despite the warning in the *Roseboro* order, Plaintiff failed to respond to Defendants' motions.

On August 22, 2023, the magistrate judge ordered Plaintiff to advise by September 5, 2023 whether he intended to continue with his case. (ECF No. 47). She also notified him that, if he failed to respond, she would recommend this case be dismissed for failure to prosecute. (ECF No. 47 at 2). This order was also sent to the address listed on Plaintiff's request for additional time; however, he filed no response. (ECF No. 49). On September 25, 2023, the magistrate judge filed a Report and Recommendation, recommending this case be dismissed for failure to prosecute pursuant to *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) and Federal Rule of Civil Procedure 41(b). (ECF No. 50). The Report was mailed to Plaintiff at the address he provided the court, (ECF No. 51), and has not been returned as undeliverable. Therefore, Plaintiff is presumed to have received the Report. Plaintiff was advised of his right to file specific objections to the Report, (ECF No. 50 at 2), but he failed to do so. The time for Plaintiff to object to the Report has now expired, and this matter is ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party

makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))).  Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note).  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation.  *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Thus, having reviewed the Report and finding no clear error, the court agrees with, and wholly adopts, the magistrate judge's findings and recommendations in the Report (ECF No. 50),

which is incorporated herein by reference.  Therefore, this case is **DISMISSED** pursuant to Rule

41(b) for failure to prosecute.[1]

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
October 17, 2023

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4

of the Federal Rules of Appellate Procedure.

---

[1] Consequently, Defendants' motions for summary judgment (ECF Nos. 40 and 41) are **DENIED as moot**.